**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 27 2014, 8:28 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAUREN HURSE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1307-CR-563 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Helen Marchal, Judge
The Honorable Stanley Kroh, Commissioner
Cause No. 49G16-1206-FD-42438

**January 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Lauren Hurse appeals her conviction of Class B misdemeanor disorderly conduct.[1] As there was sufficient evidence she engaged in disorderly conduct, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 21, 2012, Indianapolis Metropolitan Police were called to a disturbance. When Officer Heidi Wise arrived, she saw Hurse arguing with a man in a wheelchair. Officer Wise described both Hurse and the man as "loud and boisterous." (Tr. at 11.) She asked Hurse to move to the sidewalk, but Hurse "continued to yell at both me and the male subject. I had asked her three or four times to step down to the sidewalk because I would not be able to understand the male while I spoke with him while she was continuing to yell." (*Id.* at 12.) Officer Wise told Hurse to go to Hurse's car, which was approximately three houses away, but "[Hurse] continued to [yell] and walk back and forth along the street until I walked down to the car and stopped her there . . . detained her because she would not stop yelling so I could investigate the situation." (*Id.* at 13.) Officer Wise handcuffed Hurse and arrested her for disorderly conduct.

The State charged Hurse with Class B misdemeanor disorderly conduct and Hurse was found guilty after a bench trial.

## DISCUSSION AND DECISION

Hurse argues there was insufficient evidence "her yelling was unreasonable and that it interfered with the police investigation." (Br. of Appellant at 3.) In reviewing sufficiency of evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Guidry v.*

[1] Ind. Code § 35-45-1-3.

2

*State*, 650 N.E.2d 63, 65 (Ind. Ct. App. 1995). Rather, we consider only the evidence most favorable to the verdict, along with all reasonable inferences to be drawn therefrom. *Id*. We will affirm the conviction if there is sufficient evidence of probative value to support it. *Id*.

A person who recklessly, knowingly, or intentionally makes unreasonable noise and continues to do so after being asked to stop commits disorderly conduct. Ind. Code § 35-45-1-3. Noise is unreasonable if it is too loud for the circumstances or if it disrupts police investigations. *Whittington v. State*, 669 N.E.2d 1363, 1367 (Ind. 1996).

Officer Wise testified that her investigation was impaired because Hurse would not be quiet long enough for her to question the parties involved. That is sufficient evidence she committed disorderly conduct. *See id*. We acknowledge Hurse's testimony she was not being loud and did not mean to thwart the investigation, but we must decline her invitation to reweigh the evidence or reassess the credibility of the witnesses. *See Guidry*, 650 N.E.2d at 65 (appellate court will not reweigh evidence or judge credibility of witnesses).

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.